RECEIVED
USDC CLERK, CHARLESTON, SC

2006 JAN -9  P 2: 06

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| KAREN SIGNAL, | C. A. No. 9:05-1972-PMD-RSC |
| Plaintiff, | |
| -versus- | **REPORT AND RECOMMENDATION** |
| ALBERTO GONZALES, ATTORNEY GENERAL; GERARDO MALDONADO, WARDEN; GENA PEDRONI, EXECUTIVE ASSISTANT; KATHERYN MACK, SUPERVISOR OF EDUCATION; DR. MICHAEL MAZZEO, CHIEF PSYCHOLOGIST, | |
| Defendants. | |

This employment discrimination action denominated as one brought pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1985, and South Carolina common law, by a current federal employee, proceeding pro se, is before the undersigned United States Magistrate Judge for a report and recommendation on the defendants' motions to dismiss or for summary judgment filed November 4, 2005, and the plaintiff's motion to amend her complaint filed on November 4, 2005. 28 U.S.C. § 636(b).

The plaintiff, Karen Signal, is a female of Korean descent employed by the Department of Justice, Federal Bureau of Prisons, at the Federal Correctional Institution in Estill, South Carolina, as a Vocational Training Instructor. On July 12, 2005, she filed the instant suit and named as defendants Alberto Gonzales, Attorney General, Gerardo Maldonado, Warden, Gena

1

Pedroni, Executive Assistant, Kathryn Mack, Supervisor of Education, and Dr. Michael Mazzeo, Chief Pyschoogist.  Signal alleges that she was the victim of employment discrimination in the workplace because of her Korean descent, in violation of her due process and equal protection rights under the United States Constitution, which discrimination also constituted intentional infliction of emotional distress or outrage under South Carolina common law.  Signal seeks an award of compensatory and punitive damages and a eight hour "Time Off Award."

On October 4, 2005, the defendants filed a motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim pursuant to Fed. R. Civ. P. Rules 12(b)(1), (6), or, in the alternative, for summary judgment under Fed. R. Civ. P. Rule 56.  The defendants raised, among other issues, their contention that the plaintiff's claims are not cognizable under 42 U.S.C. § 1983, 42 U.S.C. § 1985, or South Carolina tort law.  On October 5, 2005, Signal was provided a copy of the defendants' motion, affidavits, and exhibits.  She was also given an explanation of dismissal and summary judgment procedure as well as pertinent extracts from Rules 12 and 56 of the Federal Rules of Civil Procedure similar to that required by <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975).

Thereafter, Signal filed a brief in opposition to the defendants' motion on November 4, 2005, with various exhibits and

affidavits, and moved to amend her complaint to bring her constitutional claims under <u>Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics Agents</u>, 403 U.S. 388, 91 S.Ct. 594 (1972) rather than 42 U.S.C. § 1983 and 42 U.S.C. § 1985.  On November 22, 2005, the defendants filed a response to the plaintiff's opposition and motion to amend the complaint and objected to her proposed amendment on grounds of futility, arguing that her claims were cognizable, if at all, under Title VII, 42 U.S.C. § 2000e, <u>et</u>. <u>seq</u>., rather than <u>Bivens</u>.

Lastly, on December 13, 2005, Signal filed a reply to the defendants' objections and indicated that she chose not to sue under Title VII and that she would have brought her suit in the first instance under Title VII "if it were applicable."  She characterized her complaint as one seeking damages from all the named defendants in their official and personal capacities for denying her constitutional protections from "bias and prejudice" in several incidents which occurred in the course of her federal employment in the workplace.  She refused to amend her complaint to bring her claims otherwise.  Hence it appears consideration of the motions is appropriate.

### REVIEW OF MOTIONS TO DISMISS PRO SE COMPLAINTS

A motion to dismiss for failure to state a claim upon which relief can be granted should be granted where "the plaintiff can prove no set of facts in support of his claim which would entitle

him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). A motion to dismiss for lack of subject matter jurisdiction may attack the complaint on its face by showing that the complaint does not allege facts upon which the court can base jurisdiction, or it may attack the truth of the underlying jurisdictional allegations contained in the complaint. In considering motions to dismiss, the court must construe the pleadings in the light most favorable to the nonmoving party. See, Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

Additionally, pro se submissions, as here, "must be held to less stringent standards than that of formal pleadings drafted by lawyers." Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1972), reh'g denied, 429 U.S. 1066, 97 S.Ct. 798, 50 L.Ed.2d 785 (quoting Haines v. Kerner, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)). The plaintiff's allegations should be examined carefully, no matter how in artfully pleaded, to determine whether they could provide a basis for relief. Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1977); Boag v. MacDougall, 454 U.S. 364, 365 (1982); Haines v. Kerner, 404 U.S. 519, 520-21 (1972). In addition, in order to determine whether the claim of a pro se plaintiff can withstand a motion to dismiss, it is appropriate to look beyond the face of the

complaint to allegations made in any additional materials filed by the plaintiff. Gordon, 574 F.2d at 1149-51.

Since the court should "remain cautious not to 'transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party'", Strickler v. Waters, 989 F.2d 1375, 1389 (4th Cir. 1993) (quoting Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985)), it appears the court cannot simply override a firm decision of a pro se litigant.

## DISCUSSION

A review of the record and relevant case law reveals that the action should be dismissed for failure to state a claim upon which relief may be granted and for want of jurisdiction.

Signal has the burden of proving the existence of subject matter jurisdiction despite the fact that she elected to proceed without counsel. See, e.g., Evans v. B. F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). The existence of subject matter jurisdiction is a threshold issue, which this court must address before addressing the merits of Signal's claims. See, Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 118 S.Ct. 1003, 1012-13, 140 L.Ed.2d 210 (1998) (reaffirming holding that a federal court may not hypothesize subject matter jurisdiction for the purpose of deciding a case on the merits).

To maintain an action against the United States, federal agencies, or federal officials, as here, the plaintiff must have a substantive right to the relief sought and an explicit Congressional consent authorizing such relief. United States v. Testan, 424 U.S. 392, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976); United States v. King, 395 U.S. 1, 89 S.Ct. 1501, 23 L.Ed.2d 52 (1969). It is beyond cavil that the exclusive remedy for employment discrimination in the workplace claims brought by federal employees is Title VII, 42 U.S.C. § 2000e, et. seq., Brown v. General Services Administration, 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976); Rivera v. Heyman, 157 F.3d 101 (2nd Cir. 1998); Briones v. Runyon, 101 F.3d 287 (2nd Cir. 1996); Jackson v. Widnall, 99 F.3d 710 (5th Cir. 1996); Spence v. Straw, 54 F.3d 196 (3rd Cir. 1995); Rowe v. Sullivan, 967 F.2d 186 (5th Cir. 1992); Irwin v. Veterans Admin., 874 F.2d 1092 (5th Cir. 1989); Owens v. U.S., 822 F.2d 408 (3rd Cir. 1987); Boyd v. U.S. Postal Service, 752 F.2d 410 (9th Cir. 1985); Kizas v. Webster, 707 F.2d 524 (D.C. Cir. 1983); White v. General Services Administration, 652 F.2d 913 (9th Cir. 1981); Newbold v. U.S. Postal Service, 614 F.2d 46 (5th Cir. 1980).

Since Signal seeks relief under the Constitution and state common law and specifically repudiates any Title VII claims, this court lacks subject matter jurisdiction over the action and the defendants' motions should be granted. See, Jones v. American

Postal Workers Union, 192 F.3d 417, 16 NDLR P 116, 9 A.D. Cases 1249 (4th Cir. 1999).

## CONCLUSION

Accordingly, for the aforementioned reasons, it is recommended that the defendants' motions to dismiss be granted and all other motions be deemed moot.

Respectfully submitted,

*Robert S. Carr*
Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina

January 9, 2006

**Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"**
**&**
# The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3, 1992 U.S.Dist. LEXIS® 6243 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** See Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), cert. denied, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), cert. denied, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * *
> We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402